UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JOHN W PERKINS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. G-06-395 |
| | § | |
| FLEX-O-LITE INC, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER DENYING DEFENDANT STANDARD MOTOR PRODUCTS, INC'S MOTION FOR SUMMARY JUDGMENT

Plaintiff John W. Perkins ("Plaintiff") brings this action against Defendants for personal injuries he allegedly sustained when a piece of metal from the "flex fan" of a truck he was servicing struck his neck. Defendant Standard Motor Products, Inc. ("Standard Motor") filed a Motion for Summary Judgment, and Plaintiff filed a Response. For the reasons outlined below, Standard Motor's Motion for Summary Judgment is **DENIED**.[1]

**I.    Background**

On or about June 23, 2005, Plaintiff was working on a Chevrolet truck when the fan blade allegedly broke off and went through his neck and into his mouth. Plaintiff claims that the fan blade was defective, and that it was designed, marketed, distributed, refurbished, or sold by Standard Motor or one of its divisions.

Standard Motor claims that there is no evidence supporting Plaintiff's claims that it designed, manufactured, marketed, distributed, or sold the flex fan involved in the accident. Furthermore, according to Standard Motor, Plaintiff cannot set forth any evidence that the fan

---

[1]The Court does not consider this Order worthy of publication. Accordingly, it has not requested and does not authorize publication.

was defective or that the alleged defect in the fan was a proximate or producing cause of Plaintiff's injuries. Additionally, Standard Motor asserts that Plaintiff's strict liability claims must fail because he cannot show that a safer alternative design exists.

In addition to strict products liability claims, Plaintiff asserts that Standard Motor knew or should have known that the fan blade would be used in the manner in which Plaintiff used it and was therefore negligent in its design, marketing, distribution, refurbishment, or selling of the fan blade. Standard Motor claims that Plaintiff's negligence claims cannot stand because it did not owe Plaintiff a duty.

Plaintiff presents the Court with deposition testimony indicating that (1) the fan blade may bear markings that link it to Standard Motor; (2) if the fan blade is a knock-off, it is a very good one; and (3) the Standard Motor employee who examined the fan blade used a tape measure that was not calibrated, and he was unaware of the manufacturing tolerances in place at the time this type of fan blade was manufactured. Plaintiff claims that this testimony presents enough factual nuances to survive summary judgment, and that, even if the Court disagrees, the Court should allow discovery to continue so that Plaintiff has a fair opportunity to accumulate evidence of the connection.

## II. Legal Standard and Analysis

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2252–53, 91 L. Ed. 2d 265 (1986). If the party moving for summary judgment bears the initial burden of proof, "either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his

favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). When the party moving for summary judgment does not bear the initial burden of proof, said party must "inform[] the district court of the basis for its motion, and identify[] those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323, 106 S. Ct. at 2253. Then, in either case, the non-moving party must come forward with "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). The court must view all evidence in a light most favorable to the non-movant and "draw all reasonable inferences in favor of the non-moving party." *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,249–50, 106 S. Ct. 2505, 2511–12, 91 L. Ed. 2d 202 (1986)). If the evidence would permit a reasonable fact-finder to find in favor of the non-moving party, summary judgment should not be granted. *Liberty Lobby*, 477 U.S. at 247–48, 106 S. Ct. at 2510. On the other hand, "[i]f the evidence is merely colorable…or is not significantly probative, summary judgment may be granted." *Id.* at 249–50, 106 S. Ct. at 2511 (citations omitted).

In the instant case, there is more than a scintilla of evidence, however sparse, that Standard Motor manufactured the fan blade that allegedly caused Plaintiff's injury and that said fan blade was defective. The discovery deadline is on October 1, 2007. Fairness dictates that the Court should allow discovery to continue so that it can consider a complete picture before disposing of this case summarily. Therefore, Standard Motor's Motion for Summary Judgment is **DENIED** for now, but Defendant is entitled to re-urge the Motion at the conclusion of discovery if the facts so warrant.

### III.  Conclusion

For the reasons stated above, Standard Motor's Motion for Summary Judgment is **DENIED**.  Each Party is to bear its own taxable costs, expenses, and attorneys' fees incurred herein to date.

**IT IS SO ORDERED**.

**DONE this the 16th day of August, 2007, at Galveston, Texas.**

_Samuel B. Kent_
Samuel B. Kent
United States District Judge